F. G. ALLEN *et al.* Appellants, *vs.* THE UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellee.

*Opinion filed October 27, 1915.*

1. COUNTIES—*county treasurer is not entitled to separate compensation as supervisor of assessments.* The act of 1898 and the amended law of 1903, making the county treasurer *ex-officio* supervisor of assessments, do not create a new office but simply add other duties to the office of county treasurer, and such officer is not entitled to separate compensation as supervisor of assessments. (*Foote* v. *Lake County*, 206 Ill. 185, followed.)

2. SURETIES—*when decree against surety is not conclusive in his suit on indemnity bond.* In a suit on an indemnity bond given to sureties on a treasurer's bond a decree against the sureties on the treasurer's bond is not conclusive as to liability on the indemnity bond, where the wording of the conditions in the two bonds is not the same.

3. CONSTRUCTION—*what may be considered in construing condition of a bond.* That construction which the parties themselves have adopted in their pleadings, together with the punctuation in the condition of the bond, may be considered in determining what is the natural and reasonable meaning of such condition.

4. EVIDENCE—*pleadings are admissible.* All pleadings are admissible in evidence, their weight to be determined from all the facts and circumstances under which they are made.

5. SAME—*admissions of attorneys are the admissions of their clients.* Attorneys are deemed agents of their clients for the purpose of making admissions in all matters relating to the progress and trial of an action, and such admissions are treated as the admissions of the client.

6. SAME—*when admissions may be proved at subsequent trial or in separate action.* Where the admissions of attorneys are general and not limited to the purposes of the trial they may be proved at a subsequent trial of the same case or in another action.

7. SAME—*when briefs are admissible.* The admissions in the briefs of the attorneys, made during the trial of a case, are admissible against the client if they appear to be made by his direction and from his personal knowledge.

8. FRAUD—*when retaining compensation under doubtful right will not amount to fraud.* A county treasurer who retains fees as his compensation for services as supervisor of assessments under a statute providing that he shall receive such compensation and under the advice of competent attorneys that he is entitled to it

will not be deemed guilty of fraud, even though the courts had held, under a former similar statute, that county treasurers were not entitled to such compensation.

9. SAME—*actual or positive fraud defined.* Actual or positive fraud, in its most general and fundamental conception, consists in obtaining an undue advantage by means of some act or omission which is unconscientious or a violation of good faith.

10. BONDS—*condition of indemnity bond construed.* A condition in an indemnity bond that the obligor shall reimburse the obligees for any loss they may sustain by reason of any "act of fraud or dishonesty, amounting to larceny and embezzlement," on the part of their principal, indemnifies only against a loss caused by an act of positive fraud or dishonesty on the part of the principal amounting to larceny or embezzlement, and does not include mere errors of judgment or carelessness upon his part. (*City Trust Co.* v. *Lee*, 204 Ill. 69, distinguished.)

11. PRACTICE—*when court may direct a verdict.* If there is no evidence, or but a scintilla of evidence, tending to prove the averments of the declaration, the jury should be directed to return a verdict for the defendant, but if there is in the record any evidence from which, if it stood alone, the jury can reasonably find that all material averments of the declaration have been proved, then the cause should be submitted to the jury.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Rock Island county; the Hon. ROBERT W. OLMSTED, Judge, presiding.

J. T. & S. R. KENWORTHY, and J. B. & J. L. OAKLEAF, for appellants.

JUDAH, WILLARD, WOLF & REICHMANN, and SEARLE & MARSHALL, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

David H. Lyons was county treasurer of Rock Island county, Illinois, for the term of four years beginning in December, 1902. The appellants, F. G. Allen and fourteen others, were sureties on his official bond. These sureties ob-

tained from appellee, the United States Fidelity and Guaranty Company of Baltimore, Maryland, an indemnifying bond, which was by renewals kept in force during the entire term of the said Lyons as county treasurer. During this time the county treasurers in this State were *ex-officio* supervisors of assessments in their respective counties under the Revenue law of 1898 as amended in 1903, (Hurd's Stat. 1913, p. 2076,) which law provided that in counties of the population of Rock Island the treasurer should "receive as compensation for his services as supervisor of assessments the sum of $1000 per annum." Lyons retained during said term of office, as his compensation as supervisor of assessments, $3416.70. In December, 1906, just before his term expired, the county board instructed the State's attorney of that county to procure an opinion from the Attorney General as to Lyons' right to retain this amount. On receiving an opinion from the Attorney General that Lyons had no legal right to retain said sum as his compensation, the county board caused a suit in chancery to be begun and prosecuted against him and the sureties on his official bond, to reform the bond and recover such amount. A decree was entered against Lyons and his sureties in accordance with the prayer of the bill, and on appeal to the Appellate Court was affirmed. (*People* v. *Lyons,* 168 Ill. App. 396.) That decree ordered the payment of said sum, with interest and costs. The sureties thereupon paid the amount so found due and brought this action against appellee, the guaranty company, on its bond, claiming a liability for the sum so paid, with costs and expenses, amounting in all to $5123.64. On the trial of this case in the circuit court of Rock Island county before a jury the trial judge directed a verdict in favor of appellee, and judgment was entered thereon against appellants. On appeal to the Appellate Court for the Second District that judgment was affirmed, and the case is brought here on certificate of importance.

This court has held that the act of 1898, making the county treasurer *ex-officio* supervisor of assessments, did not create a new office but simply added other duties to the office of county treasurer, and that such officer was not entitled to separate compensation as supervisor of assessments. (*Foote* v. *Lake County,* 206 Ill. 185; *Parker* v. *Richland County,* 214 id. 165; *People* v. *Bowman,* 253 id. 234; *Jones* v. *O'Connell,* 266 id. 443.) The same holding must necessarily be made with reference to a similar provision in the amended law of 1903. The case of *Foote* v. *Lake County, supra,* was not decided until 1903, after Lyons qualified as county treasurer. Under the decisions of this court there can now be no question that he had no legal right to retain any money as supervisor of assessments by virtue of the provisions of the statute of 1898, or as amended in 1903. During his term of office, however, acting on the advice of competent attorneys that he had a legal right so to do, he retained as his compensation as supervisor of assessments the said $3416.70. At the time of this trial he was living in New York, apparently in poor health and unable to re-pay the amount so retained.

On the hearing in the trial court the pleadings in the chancery suit brought against the sureties on Lyons' bond were introduced in evidence. Appellants contend that this record shows that they gave notice to appellee of said chancery action, and therefore that the decree in that case is conclusive upon said guaranty company. With this we do not agree. The basis of this argument is that the appellee stands in the place of Lyons and the liability under this indemnifying bond to the sureties is the same as Lyons' liability. If the wording of the conditions in the two bonds were the same there might be merit in this argument. The official bond of Lyons was conditioned that he should "justly and fairly account for and pay over all moneys that may come into his hands by virtue of his said office, and

shall well and truly perform all and every act and duty enjoined upon him by the laws of this State to the best of his skill and ability, and shall deliver up all moneys, papers, books, records and other things appertaining to said office, whole, safe and undefaced, when lawfully required to do so." The indemnifying bond given by appellee to said sureties was conditioned that it would "pay and reimburse the obligees aforesaid all costs, losses, damages and expenses which they may sustain or suffer by reason of any act of fraud or dishonesty, amounting to larceny or embezzlement on the part of the said David Hamilton Lyons, in connection with the duties of his said office, and which shall have been committed during the period from December 1, 1902, to December 1, 1903." At the expiration of the annual periods this bond was successively renewed yearly and extended with the same condition to December 1, 1906. Obviously, the language of the condition in Lyons' official bond was broader and covered other and additional liabilities as to losses than was intended to be covered by the condition in the indemnity bond. Appellee company by this bond undertook to restrict its liability, and did not intend to become liable for acts resulting from mere errors of judgment or carelessness on the part of Lyons, for which appellants, as sureties on Lyons' official bond, were clearly responsible.

Appellants earnestly argue that the words in the indemnifying bond, "amounting to larceny or embezzlement," etc., qualify only the word "dishonesty" and not the word "act," and that therefore appellee is responsible on this bond for any act of fraud on the part of Lyons even though it did not amount to larceny or embezzlement. There is merit in the argument of counsel for appellee that under the pleadings in this case the appellants are estopped from recovering under such construction of the bond, for the amended declaration assigns as a breach of the indemnity bond that Lyons "failed and omitted to turn over to said

county all moneys in his hands at the end of his said term of office but fraudulently converted the same to his own use, and that he, the said Lyons, was guilty of fraud or dishonesty, amounting to larceny or embezzlement, in not turning over to said county moneys," etc. This wording of the declaration, in connection with the rest of the pleadings,—especially certain of the replications filed by appellants,—might fairly be construed as permitting appellants to recover only if Lyons were guilty of such fraud as amounted to larceny or embezzlement. Waiving this point, however, we are of the opinion that the words "amounting to larceny or embezzlement" qualify the word "act" and not the word "dishonesty," and that therefore the bond indemnified appellants only against loss caused by reason of any act on Lyons' part in connection with his office, either fraud or dishonesty, amounting to larceny or embezzlement. This, in our judgment, is the natural and reasonable construction of the condition of said bond. The punctuation in this condition, as found in the record, lends support to this construction. While punctuation, in the consideration of a contract or other writing, is not necessarily controlling, it may shed light on the meaning of the parties. *Osborn* v. *Farwell,* 87 Ill. 89; *Crawford* v. *Burke,* 201 id. 581.

Appellants insist that the reasoning of this court in *City Trust Co.* v. *Lee,* 204 Ill. 69, is not in harmony with this construction of the condition of this bond. The wording of the condition in that bond was not the same as in this. While the opinion of this court in that case does not show the exact wording of the bond, the condition was against loss "sustained by the employer by or through the dishonesty or any act of fraud of the employee amounting to larceny or embezzlement, in connection with the duties," etc. It was held there that the words "amounting to larceny or embezzlement" did not qualify the word "dishonesty" but only the word "fraud." The construction placed upon the

condition of that bond was doubtless correct, but that holding does not, under the different wording of this bond, conflict with the conclusion here reached.

The portion of the decree relied upon by appellants as being conclusive against appellee in this case is as follows: "He, the said Lyons, did retain, keep and convert to his own use a certain sum of money, to-wit, $3416.70, which came into his hands and possession as county treasurer, as aforesaid, which said sum of money the said Lyons claimed he was entitled to as salary as supervisor of assessments of said county, but which said sum the court finds he was not so entitled to as supervisor of assessments or otherwise; * * * that the said David H. Lyons has breached and violated his said official bond and the terms and conditions thereof, and the said bond is hereby declared forfeited." Among other parts of that record introduced here was a stipulation reading: "It is stipulated and agreed between the parties hereto, by their respective counsel, that the sum of $3416.70 found by the decree to be due from the defendant to the complainant is moneys retained by the defendant, David H. Lyons, under the claim of right as salary for his services as supervisor of assessments, and that said sum is the exact amount that his salary would amount to, providing he is entitled to be allowed compensation as supervisor of assessments." Said decree of the circuit court also found, in accordance with this stipulation, that Lyons had kept this money claiming that he was entitled to it as supervisor of assessments. The answer of appellants filed in the chancery suit and introduced in this cause averred that Lyons had justly and fairly accounted for all moneys that came into his hands by virtue of his office as county treasurer, and appellee argues that in connection with the decree and other parts of the files and record introduced should also be considered the briefs filed in the Appellate Court on the trial of the chancery case, introduced by appellees below in this case, in which counsel

who represented the sureties in that case and now represent
the sureties in this case strongly urged that Lyons' conduct
in the whole matter was entirely free from fraudulent acts,
was open, honest and sincere, and that no question could
be raised as to his good faith.

Appellants insist that the answer, stipulation and briefs
were not admissible in evidence. This court has held that
all pleadings are admissible in evidence, their weight to
be determined from all the facts and circumstances under
which they are made. (*Gardner* v. *Meeker,* 169 Ill. 40;
*Wadsworth* v. *Duncan,* 164 id. 360; *Daub* v. *Englebach,*
109 id. 267; *Robbins* v. *Butler,* 24 id. 387.) Attorneys
are deemed agents of their clients for the purpose of mak-
ing admissions in all matters relating to the progress and
trial of an action. Such admissions are treated as the
admissions of the client. (Jones on Evidence,—2d ed.—
sec. 257.) If such admissions are general and not limited
to the purposes of the trial they may be proved at a subse-
quent trial of the same case or in another action. (1 Ency.
of Evidence, 465.) Admissions in the briefs of the at-
torneys, made during the trial of a case, are admissions
against the client if they appear to be made by his direction
and from his personal knowledge. (1 Greenleaf on Evi-
dence,—16th ed.—sec. 186; *Wood* v. *Graves,* 144 Mass.
365.) There can be no question that the pleadings and
stipulation in question were admissible in this case. Neither
do we think there is any error, in view of the facts in
this record, in admitting the briefs in question, but whether
these briefs were admissible or not, we think the result
reached in the trial of this cause must necessarily have been
the same.

Appellants concede in their argument that there is no
question of fact in dispute, unless it be the intention of
Lyons in taking the money and appropriating it to his own
use. We cannot see how there can be any dispute as to his
intention. We find no evidence in the record that shows, or

269 — 16

even tends to show, that he was guilty of larceny or embezzlement in retaining this money. Not only his testimony, but all the evidence found in this record, and all the facts bearing on this question in the record of the chancery suit introduced here, prove beyond question that he kept the money because he was advised by competent attorneys, who now represent the appellants in this case, that under the law he was entitled to retain it as compensation for his services as supervisor of assessments. The revenue statute then on the statute book, and as it now stands by amendment, stated that he should receive such compensation. At the time he went out of office there might have been an honest difference of opinion as to whether the statute as amended did not give him that right. Clearly, his acts were not such as to make him guilty of larceny or embezzlement in retaining such money, even though the courts have held that he was not entitled to the salary. No one claimed or even suggested that the officials of this State were criminally liable after the decision of this court in *Whittemore* v. *People*, 227 Ill. 453, where it was held that certain State officials had improperly kept fees for their services under circumstances very similar to the retention of this money by treasurer Lyons. In construing a similar indemnity bond in *Clifton Manf. Co.* v. *United States Fidelity and Guaranty Co.* 38 S. E. Rep. (S. C.) 790, it was held that in order to show that the guaranty company was liable for money entrusted by the manufacturing company to its agent to be expended in a certain manner but which the agent used for himself, a criminal intent on the agent's part must be proven before it could be found that he was guilty of fraud or dishonesty. If it is conceded, for the purposes of this case, that counsel for appellants are correct in their construction of the condition in the indemnity bond we cannot see how it can be fairly asserted that Lyons was guilty of fraud in retaining this money. Fraud, as used in this bond, must mean positive fraud, involving moral

turpitude or intentional wrong, and not merely constructive fraud. (*Crawford* v. *Burke, supra,* and cases there cited.) Actual or positive fraud, "in its most general and fundamental conception, consists in obtaining an undue advantage by means of some act or omission which is unconscientious or a violation of good faith in the broad meaning given to the term by equity,—the *bona fides* of the Roman law." (2 Pomeroy's Eq. Jur.—3d ed.—sec. 873.) The proof in this record shows, without the slightest contradiction, that Lyons with the utmost good faith and under the advice of attorneys kept this money.

Counsel for the appellants further argue that the court erred in directing a verdict in this case. The rule in this State is, that if there is no evidence, or but a scintilla of evidence, tending to prove the averments of the declaration, the jury should be directed to return a verdict for the defendant. If, however, there is in the record any evidence from which, if it stood alone, the jury could, "without acting unreasonably in the eye of the law," find that all of the material averments of the declaration had been proven, then the cause should be submitted to the jury. (*Libby, McNeill & Libby* v. *Cook,* 222 Ill. 206, and cases there cited.) We find not even a scintilla of evidence in this record that indicates that the acts of Lyons in keeping this money involved moral turpitude on his part. The trial court therefore rightly directed a verdict in favor of appellee. This being so, we need not pass on the questions raised by appellants as to alleged errors in admitting improper and incompetent evidence, as they in no way affected the question of Lyons' intention or his good faith in retaining this money.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*