OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-5628
Re: Is State Superintendent of
Public Instruction ex-officio
Secretary of the State Board
for Vocational Education?
Also related questions.

This department acknowledges receipt of your communication of recent date, which reads as follows:

"Article VII, Section 8 of the Texas Constitution reads as follows:

"'The Legislature shall provide by law for a State Board of Education, whose members shall be appointed or elected in such manner and by such authority and shall serve for such terms as the Legislature shall prescribe not to exceed six years. The said board shall perform such duties as may be prescribed by law.'

"Article 2675b, Section 1, provides as follows:

"'There is hereby created the State Board of Education. Said Board shall consist of nine members to be appointed by the Governor, with the advice and consent of the Senate.'

"Article 2675b, Section 3, reads as follows:

"'The State Board of Education shall organize by the election of one of its members as president, and the State Superintendent of Public Instruction shall be ex officio secretary of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

of the Board.' (Emphasis ours.)

"Article 2662 reads as follows:

"'The State Superintendent shall file all
reports, documents and papers transmitted
to him and the State Board by county or
city school officers, and from all other
sources pertaining to public schools, and
keep a complete index of the same.'

"Section 3 of H. B. No. 239, an Act of the
Thirty-eighth Legislature, Regular Session 1923, reads
as follows:

"'The State Board of Education is hereby
designated as the State Board of Vocational
Education, with necessary authority and power
to cooperate with the Federal Board of Voca-
tional Education, as provided and required
by the said Act of Congress, in the adminis-
tration of the provisions of said Act; and
to do all things necessary to entitle the
State to receive the full benefits thereof.'

"The State Board of Education has followed the prac-
tice of taking an oath of office as is required of all
state officials and board members, which oath is filed
with the Secretary of State. In addition to this oath,
there is filed with the State Superintendent of Public
Instruction as ex officio secretary of the Board an
oath as prescribed in Article 2675b, Section 2 of the
Revised Civil Statutes that the board members are not
associated with the textbook industry in any of the
capacities as are mentioned in this statute. Members
of the State Board for Vocational Education have never
taken an oath of office as such.

"In your recent opinion No. O-5716, you held that
the State Board of Education and the State Department of
Education were two separate entities of government. The
question has arisen as to whether the State Board of
Education and the State Board for Vocational Education
are two separate entities of government, or whether the
State Board of Education has been given additional du-
ties by the Legislature incident to the administration
of state and Federal vocational funds.

"Article 2675b, Section 3, which I have quoted above, has designated the State Superintendent as ex officio secretary of the State Board of Education. I would like to know whether the State Superintendent of Public Instruction is ex officio secretary of the State Board for Vocational Education by virtue of the fact that the same statute which creates the State Board of Education also designates the State Superintendent as its ex officio secretary or whether the State Board for Vocational Education and State Board of Education are two separate entities of government and whether the statute which controls the membership of the State Board of Education and designates its ex officio secretary is not applicable to the State Board for Vocational Education and whether the State Board for Vocational Education may replace the ex officio secretary by a board order."

CONSTITUTIONAL PROVISIONS - PAST AND PRESENT:

Article 7, Section 8, State Constitution of 1876, read as follows:

"The Governor, Comptroller and Secretary of State shall constitute a Board of Education, who shall distribute said funds to the several counties and perform such other duties concerning public schools as may be prescribed by law." (Emphasis ours)

By general election held November 6, 1928, said section of said Article was amended to read as follows:

"The Legislature shall provide by law for a State Board of Education, whose members shall be appointed or elected in such manner and by such authority and shall serve for such terms as the Legislature shall prescribe not to exceed six years. The said board shall perform such duties as may be prescribed by law."

Honorable L. .. Woods, page 4

STATUTORY PROVISIONS - PAST AND PRESENT:

(1) - (Creating Board of Education and State Board of Education):

Before the adoption of the above amendment to our Constitution, the Legislature, by Article 2664, Vernon's Annotated Statutes, provided that:

"The Governor, Secretary of State and Comptroller shall constitute a <u>State Board of Education</u> which shall hold its sessions at Austin. The Governor shall be ex officio president of the board. The State Superintendent shall be ex officio secretary of the board and shall keep a complete record of all its proceedings, which shall be signed by the president and attested by the secretary." Acts 1905, p. 263. (Emphasis ours)

Since the above amendment was adopted as aforesaid, the Legislature has provided for the creation of the present State Board of Education, consisting of nine members to be appointed by the Governor, with the advice and consent of the Senate. The successors to the first board members shall be appointed for six year terms, three members to retire on January 1st, biennially. Their qualifications, eligibility, powers, duties and compensation are also fixed. Acts 1929, 41st Leg., 2nd C. S., p. 12, Chap. 10. (Arts. 2675b-1 to 2675b-10, V.A. C.S)

Article 2675b-3, Vernon's Annotated Civil Statutes, provides as follows:

"The State Board of Education shall organize by the election of one of its members as president, and the <u>State Superintendent of Public Instruction shall be ex-officio secretary of the Board.</u>" (Emphasis ours)

By Article 2675b-5, Vernon's Annotated Civil Statutes, said State Board of Education was empowered and directed to immediately take over and discharge all duties imposed by law upon the Board of Education then in existence at the time said new act took effect. (See Art. 2664 to 2675-l, V.A.C.S., for membership and duties of Board then in existence). In addition to said duties, it is therein provided that said State Board of Education "shall perform such other duties as may from time to time be prescribed by the Legislature." In addition to the foregoing, said State Board of Education is specifically required to perform those duties set forth in subdivisions (a), (b), (c), (d), (e), (f), and (g) of said Article 2675b-5, and in Articles 2675b-8 and 2675b-9, Vernon's Annotated Civil Statutes. (Emphasis ours)

(2) - (Providing for Vocational Education):

By Section 5 of the Smith-Hughes Act (now Section 16, Chapter 2, Title 20, U.S.C.A), approved February 23, 1917, Congress provided as follows:

"That in order to secure the benefits of the appropriations provided for in sections two, three and four of this Act, any State shall, through the legislative authority thereof, accept the provisions of this Act and designate or create a State Board, consisting of not less than three members, and having all necessary power to cooperate as herein provided, with the Federal Board for Vocational Education in the administration of the provisions of this Act. The State Board of Education, or other board having charge of the administration of any kind of vocational education in the State, may, if the State so elect, be designated as the State Board, for the purpose of this Act." (Emphasis ours)

Section 13 of said Smith-Hughes Act (now Section 23, Title 20, U.S.C.A), requires any State, in order to receive the Federal appropriations provided for thereunder, to appoint, by its legislative authority, its State Treasurer as custodian of said Federal appropriations.

H. B. 239, 38th Leg., Chap. 131, which provides for vocational education in Texas, and the acceptance of benefits under the Smith-Hughes Act, was approved March 24, 1923,- and became effective same date. This H. B. 239 also validates previous acceptances by the State of such benefits, and <u>designates</u> the State Treasurer as custodian of all funds allotted to the State from appropriations under said Act.

Section 3 of said H. B. 239 reads as follows:

"The State Board of Education <u>is hereby designated</u> as the State Board of Vocational Education, with necessary authority and power to cooperate with the Federal Board of Vocational Education, as provided and required by the said Act of Congress, in the administration of the provisions of said Act; and to do all things necessary to entitle the State to receive the full benefits thereof." (Emphasis ours)

While said H. B. 239 does not appear in our Revised Civil Statutes, it has been kept in force and effect in Texas by Section 6 of the Final Title thereof.

(3) - (Providing for Vocational Rehabilitation):

The promotion of vocational rehabilitation was first provided for by an Act of Congress approved June 2, 1920. Said Act as amended [U.S.C. A., Title 19, Chap. 4] has recently been amended by Public Law 113, 78th Congress, Chap. 190, 1st Session of said Congress, approved July 6, 1943.

Section 3 of said original Act of June 2, 1920 (now Section 34, as amended, of Title 29, U.S. C. A.), contains, among others, the following provisions:

"In order to secure the benefits of the appropriations authorized by Section 31 of this title (Section 1 of said original Act) any state shall, through the legislative authority thereof, (1) accept the provisions of sections 31-44 of this title;

(2) empower and direct the board <u>designated or
created as</u> the State board for vocational eduction
* * *, to cooperate as herein provided with the
Federal Security Agency in the administration of
the provisions of sections 31-44 of this title;
* * *(5) appoint as custodian for said appropria-
tions its State Treasurer, * * *; Provided, that
any State which, prior to June 30, 1933, has ac-
cepted and otherwise complied with the provisions
of sections 31-44 of this title, shall be deemed
to have accepted and complied with the provisions
of this section." (Emphasis ours)

By Acts of 1929, 41st Leg., 1st C. S., p. 57, Chap.
23 (now Art. 2675-1, Sections 1 and 2, R. C. S. 1925), the Legis-
lature of Texas, accepted the provisions and benefits of said
original Rehabilitation Act of Congress, as then amended June
5, 1924, and authorized and empowered the Treasurer of Texas to
receive said Federal funds, and * * * "to make disbursements
therefrom upon the order of the State Board for Vocational
Education." Said State Board of Vocational Education was also
"empowered and instructed to cooperate with the terms and condi-
tions expressed in the Act of Congress aforesaid."

## FACTS DISCUSSED

Thus, we see that the Board of Education, as originally
provided for in our Constitution, was composed of only three mem-
bers, viz: the Governor, Secretary of State and Comptroller. The
statute (Art. 2664, V.A. C.S.) provided that "the Governor <u>shall</u>
be ex officio president of the board." The same statute also
provided that "the State Superintendent <u>shall</u> be ex officio secre-
tary of the Board and <u>shall keep a complete record of all its
proceedings</u>, which shall be signed by the president and attested
by the secretary." (Emphasis ours)

After Section 8 of Article 7 of our Constitution was
amended on November 6, 1928, as hereinabove noted, a new State
Board of Education, composed of nine members, was created by the
Legislature, and with certain powers and duties herein previously
referred to. H. B. 79, Acts of 1929, 41st Leg., 2nd C. S., p.

12, Ch. 10. (The first ten (10) sections of said Act are now Arts. 2675b-1 to 2675b-10, V.A.C.S.). Our State Board of Education, as now constituted, came into existence by virtue of said Act.

While the Governor had been designated by the Legislature as the ex officio president of the old Board (art. 2664, V.A.C. S.), the new Board was empowered and directed by the Legislature to "organize by the election of one of its members as president, and the State Superintendent of Public Instruction shall be ex officio secretary of the Board." (Art. 2675b-3, V.A.C. S.). Thus, while the new Board was allowed to choose the president thereof by electing one of its members as such, the State Superintendent of Public Instruction was by statute designated as the ex-officio secretary of said new Board, as he had been so designated for the original Board.

By the provisions of Article 2675b-5, Vernon's Annotated Civil Statutes,"it is made the duty of the State Board of Education, created by this Act (Arts. 2675b-1 to 2675b-10, V. A. C.S.), to immediately take over and discharge all duties imposed by present laws upon the Board of Education in existence at the time this Act takes effect." Therefore, said new Board of nine members has superseded the old Board of three members. (See Section 11 of said H. B. 79, which provides that "all laws and parts of laws in conflict with any provision of this Act are hereby repealed.") (Emphasis ours)

It should now be remembered that it was the original three-member State Board of Education that was designated as the State Board of Vocational Education. (H. B. 239, 38th Leg., R. S. 1923, approved March 24, 1923 and effective March 24, 1923).

After said original Board had been so previously designated as the State Board of Vocational Education, said designated Board, then consisting of three members, was empowered and instructed to promote vocational rehabilitation in Texas by cooperating with the terms and conditions of the Act of Congress providing for same. (Art. 2675-1, Sec. 2, V. A. C. S. - Acts of 1929, 41st Leg., 1st C. S., p. 57, Chap. 23).

It must also be observed that, under the provisions of the Smith-Hughes Act hereinabove referred to, the Legislature could either designate or create a State board of not less than

three members as a State Board of Vocational Education. It created no new board, but designated the then State Board of Education as the State Board of Vocational Education. It has since added to said Board's duties the promotion of vocational rehabilitation, as aforesaid. Therefore, instead of creating a new board of not less than three members to promote vocational education and vocational rehabilitation in Texas, such duties were simply added to those already being performed by the then Board of Education. Furthermore, when the new State Board of Education was created, and the Act creating it became effective, as aforesaid, it took over, by legislative mandate, all duties then imposed by law upon the original Board. These duties included the promotion of vocational education and vocational rehabilitation in Texas. By statute, the State Superintendent of Public Instruction was designated the ex-officio secretary of said new Board. (Art. 2675b-3). Said statute has never been amended or repealed.

## LEGAL PRINCIPLES AND AUTHORITIES:

"The imposition of additional duties upon an existing office, to be performed under a different title, does not constitute the creation of a new office.

"An office to which the duties of another are added remains technically a single office; it is not an office under its own name and title and another under the name of the one whose duties are annexed to it." Corpus Juris, Vol. 46, p. 934, par. 29.

See also Powell v. Wilson, 16 Tex. 59; Kinney v. Zimpleman, 36 T. 554; Allen v. U. S. Fidelity Co., 193 Ill. A 193 (affirm. 269 Ill. 234, 109 N. E. 1035); State v. Powell, 109 Ohio St. 383, 142 N. E. 401; Hatfield v. Mingo Co. Ct., 80 W. Va. 165, 92 S. E. 245; First Bap. Ch. v. City of Ft. Worth, (Com. App.) 26 S. W. (2d) 196; City of Houston v. Stewart, (Tex. Sup. Ct.) 87 S. W. 663; Eucaline Medicine Co. v. Standard Inv. Co., (Tex. Civ. App.) 25 S. W. (2d) 259; Er. Ref.; Jones v. Alexander, 59 S. W. (2d) 1080, 122 T. 328.

See also Texas Law Review, Vol. 12, p. 366, for instructive article and citations in point; and Texas Digest, Vol. 29, p. 376, et seq., under "Officers," Key No. 30.

Where certain duties are conferred by the Legislature upon a designated officer, the Legislature is the only authority whereby said duties may be withdrawn or conferred upon others. By "certain duties" is meant, of course, those duties which the Legislature has power to confer. Art. 3, Section 1, Constitution of Texas; Brown v. City of Galveston, 97 T. 9, 75 S. W. 488; 27 Tex. Jur., p. 425, par. 9.

## QUESTIONS ANSWERED

In view of the foregoing, the questions submitted in your communication are answered as follows:

1. The State Board of Education and the State Board for Vocational Education are not two separate entities of government. The State Board of Education has simply been empowered, by the Legislature, to discharge the added duties incident to the administration of State and Federal vocational funds.

2. By virtue of the provisions of Article 2675b-3, Vernon's Annotated Civil Statutes, the State Superintendent of Public Instruction is the ex-officio Secretary of the State Board of Education in the discharge of any and all of its duties, regardless of whether it functions as the State Board of Education or as the State Board for Vocational Education.

3. The State Board of Education, whether functioning as such or as the State Board for Vocational Education, is with-

out power or authority to replace the State Superintendent of Public Instruction as ex-officio Secretary of said Board.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By L. H. Flewellen
Assistant

APPROVED FEB 17, 1944

ATTORNEY GENERAL OF TEXAS

LHF:EP



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN