

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable G. C. Jackson
County Attorney
Zavala County
Crystal City, Texas

Dear Sir:

Opinion No. 0-6344
Re: Can the Tax Assessor-
Collector of Zavala County
be required under law to
act as the Tax Assessor-
Collector of Crystal City
Independent School District?
And other related questions.

Your request for an opinion on the above matters has been received and carefully considered. We quote said request as follows:

"Re: Tax Assessor-Collector for Crystal City Independent School District

"Question 1: Can the tax assessor-collector of Zavala County be required under law to act as the tax assessor-collector of Crystal City Independent School District?

"Answer: No. Although Article 2792, Revised Civil Statutes of Texas, Acts 1937, provides that he 'shall' act as assessor-collector of such independent school district when a majority of said trustees of such district prefer to have their taxes assessed and collected by the assessor-collector of the county, because such act is in conflict with the Constitutional provision which holds it unlawful to hold two offices of trust or emolument in this state.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. G. C. Jackson, Page 2

"Question 2: What bond would be required of such assessor and collector if the total tax collection were $20,000?

"Answer: $40,000. Article 2791.

"Question 3: If the county assessor and collector can be required under law to assess and collect the taxes for the independent school district, then what compensation can be paid him on $20,000 collection?

"Answer: 2% or $400.00.

"Question 4: If the county assessor-collector can be required to assess and collect the taxes for the independent school district, then are the fees that he receives for such collection accountable for as fees of office affecting his maximum fees collected?

"Answer: Yes. Article 3883, Subdivision 2."

Article 2792 of Vernon's Annotated Civil Statutes, is in part as follows:

"When a majority of the Board of Trustees of an Independent District prefer to have the taxes of their District assessed and collected by the County Assessor and Collector, or collected only by the County Tax Collector, same shall be assessed and collected by said County Officers and turned over to the Treasurer of the Independent School District for which such taxes have been collected. . . ."

Article 8, Section 14, of the Constitution of Texas, is as follows:

"There shall be elected by the qualified electors of each county at the same time and under the same law regulating the election of State and County officers, an Assessor and Collector of Taxes, who shall hold his office, for two (2) years and until his successor is elected and qualified; and such Assessor and Collector of Taxes shall perform all the

Hon. G. C. Jackson, Page 3

> duties with respect to assessing property for the
> purpose of taxation and of collecting taxes as may
> be prescribed by the Legislature."

In the case of First Baptist Church v. City of Fort
Worth, 26 S. W. (2d) 196, the Commission of Appeals had before
it the question of whether or not an assessment of plaintiff in
error's property for the year for which recovery was awarded was
valid, as it was contended that, at the time such assessment was
made, the officer assessing same was attempting to hold two of-
fices of emolument in violation of Article 16, Section 40, of
the Constitution of this State, in that he was assuming to act
as assessor and collector of taxes for the City of Fort Worth
and also for the Fort Worth Independent School District. The
facts were that the law incorporating the Fort Worth Independent
School District provided that:"the assessment and collection of
the taxes of the district hereby created shall be made by the as-
sessor and collector of the City of Fort Worth, who shall make
assessment of all the real, personal and mixed property located
in said district," etc. In holding that said assessor and col-
lector was not holding two offices of emolument, the court laid
down the following rules of law which are applicable here:

> "The effect of the act in question is merely
> to impose additional duties upon the assessor and
> collector of taxes of the city of Fort Worth. It
> is not shown that this officer received any added
> compensation to that paid by the city for the per-
> formance of the additional duties thus placed upon
> him. Even if he had been allowed such compensation,
> it would not follow that the Legislature was creat-
> ing a new office. No sound reason exists why the
> Legislature could not impose additional duties upon
> this officer and increase his compensation accord-
> ingly.

> "'The imposition of additional duties,' says
> Corpus Juris, vol. 46, p. 934, § 29, 'upon an ex-
> isting office, to be performed under a different
> title, does not constitute the creation of a new of-
> fice.' The same authority further says: 'An office
> to which the duties of another are annexed remains
> technically a single office; it is not an office
> under its own name and title and another under the
> name of the one whose duties are annexed to it.'
> See, also, Allen v. Fidelity Co., 269 Ill. 234,
> 109 N. E. 1035; Hatfield v. Mingo County Court,
> 80 W. Va. 165, 92 S. E. 245; State v. Powell, 109
> Ohio St. 383, 142 N. E. 401.

Hon. G. C. Jackson, Page 4

"Plaintiff in error insists that, because the duties performed by Macy were those pertaining to sovereignty, an office was necessarily created for the Fort Worth independent school district. The nature of such duties would not be determinative of whether an office was created, as the Legislature may, if it elects to do so, require an incumbent in an existing office to perform additional duties involving the exercise of such powers. The assessor and collector of taxes of the city of Fort Worth is a public officer, and, in the absence of any constitutional limitation, the Legislature might impose upon him the performance of such of this character of duties as it deemed proper."

Answering Question 2, asked by you, we hand you a copy of our opinion No. 0-2967, wherein it was held that the general county bond required by Article 7249 of V. A. C. S. secures the payment of all taxes collected by the assessor and collector of taxes to the proper parties. Therefore, Article 2791, referred to by you, has no application, and the amount of taxes collected by said assessor and collector for the independent school district would not determine the amount of his bond.

We hand you herewith a copy of our opinion No. 0-2152, wherein a similar question was being considered and in which the following holding was made, which is here adopted:

"Where the Act creating the independent school district also creates the office of assessor-collector of taxes for such district and such office is filled by the board of trustees of the district, the holder thereof is inhibited by the Constitution from holding also, the office of county tax assessor-collector, or, conversely, the county tax assessor-collector is inhibited from likewise holding the office of tax assessor-collector for the school district.

"If the method adopted whereby the school district authorizes the county tax assessor-collector to also assess and/or collect the taxes of the school district, effects the abolishment of the office of tax assessor-collector of the school district, the result is merely the imposition of additional duties upon the office of county tax assessor-collector, and the holder thereof does not thereby become the holder of two civil offices of emolument as prohibited by the Constitution. By the same token, corresponding

Hon. G. C. Jackson, Page 5

action by an incorporated city, in the manner necessary to accomplish a similar result, would likewise be permissible under the constitutional provision under discussion.

"It is therefore manifest that to obviate the prohibition in Sec. 40 of Art. 16 of the Constitution, the offices of school district and city tax assessor-collector must be abolished before the transfer of the duties thereof to the county tax assessor-collector, otherwise two civil offices of emolument will be held and exercised at the same time. Accordingly, the method adopted whereby the school district and city authorizes 'by ordinance or by proper resolution', in the language of Art. 1042b, supra, the contemplated change, necessarily must mean such procedure as is required under the applicable laws, the city charter, and organic law of the agency, to legally accomplish the abolishment of the respective offices of district and city tax assessor-collector.

"If and when such offices are so abolished, it is the opinion of this Department, in answer specifically to your question, that an incorporated city and an independent school district may properly authorize the county tax assessor-collector to assess and/or collect all taxes due to such city and school districts, and the county tax assessor-collector may legally act for such other taxing authorities."

In view of the rules of law above set out and referred to, it is our opinion that the tax assessor and collector of Zavala County can be required under the law to assess and collect the taxes of the Crystal City Independent School District. However, we are further of the opinion that the office of Assessor and Collector of Taxes for said school district, if such office exists, should be abolished before the duties of assessing and collecting the taxes of such school district are transferred to the County Tax Assessor and Collector, as he cannot hold any official position as Tax Assessor and Collector of said district, but would be only performing additional duties imposed upon him by the Legislature. See also the holding of the Supreme Court in Nichols et al v. Galveston County, 228 S. W. 547.

In 1939, the Legislature passed House Bill No. 1032, pages 652-654, General Laws of the 46th Legislature, which was carried into Vernon's Annotated Civil Statutes as Article 1042b. This statute provided that any incorporated city, town or village, independent school district, and other named districts, could provide for the county assessor and tax collector to assess and collect their taxes. Provision was also made therein for compensation for such services as follows:

Hon G. C. Jackson, Page 6

"Sec. 5. When the County Assessor and County Collector are required to assess and collect the taxes in any . . . independent school district . . . they shall respectively receive for such services an amount to be agreed upon by the governing body of such . . . independent school districts . . . and the Commissioners Court of the county in which such . . . independent school districts . . . are situated not to exceed one per cent of the taxes so collected."

At the time this law was passed, Article 2792 was in full force and effect and contained the following provision:

"When the County Assessor and Collector is required to assess and collect the taxes of Independent School Districts he shall respectively receive one per cent (1%) for assessing, and one per cent (1%) for collecting same."

Article 1042b was amended in 1941, and independent school districts were left out entirely. Acts 1941, 47th Legislature, page 404.

As being applicable to the situation that existed after Article 1042b was passed while Article 2792 was in full force and effect and after Article 1042b was amended in 1941 so as not to apply to independent school districts, we here quote and adopt the following holding of our opinion No. O-5426 which deals with the same situation, though from a different standpoint:

"The legal effect of said Act of 1939 (Article 1042b, Vernon's Annotated Civil Statutes of Texas) so far as is pertinent to the question under discussion, was to repeal by implication all that portion of Article 2792, which by its terms had theretofore permitted the property of independent school districts having their properties assessed and collected by the county assessor and collector to be assessed at a greater value than that assessed for county and State purposes. The said Act of 1939, however, did not repeal by implication or otherwise that portion of Article 2792 which permitted independent school districts to have their properties assessed and collected by the county assessor and collector; rather, the Act of 1939 was cumulative of

Hon. G. C. Jackson, Page 7

the pertinent provisions of Article 2792 so far as this power of independent school districts was concerned.

"As has been said by an eminent authority:

"'...A statute that covers the subject matter of former law and is evidently intended as a substitute for it, although containing no express words to that effect, operates as a repeal of the former law to the extent that its provisions are revised and its field specially covered. ...' (39 Tex. Jur., Sec. 80, pages 148-149)

"In 1941 the Legislature of Texas amended said Article 1042b by omitting therefrom any reference to independent school districts and common school districts. The legal effect of said amendment was to leave article 1042b now applicable only to incorporated cities, towns or villages, drainage districts, water control and improvement districts, water improvements districts and navigation districts in the State of Texas.

"Said amendment last mentioned did not, however, operate to withdraw from independent school districts the power of their election to have their taxes assessed and collected for them by the county tax assessor and collector, but said privilege remained in said independent school districts.

" * * *

"We may here observe that the independent school districts have only such powers with reference to taxation as have been granted to such districts in clear terms of law. 'The granting of taxing power by the Legislature to any county or district should be construed with strictness; the presumption being that the Legislature has granted in clear terms all it intended to grant.' (See State v. Houston & T. Ry. Co., 209 S. W. 280)

"We desire to here point out that the omission of independent school districts from the Act of 1939 by the amendment of 1941 did not have the legal effect of

Hon. O. C. Jackson, Page 8

restoring or reviving those parts of Article 2792
which had been repealed by the Act of 1939. (See
39 Tex. Jur., Sections 63, 85, pages 125, 154)"

Applying these rules of law to the question here being
considered, we find that, while Article 2792 originally allowed
compensation of one per cent each to the Tax Assessor and
Collector for assessing and collecting taxes for independent
school districts, this provision was repealed by the passage of
Article 1042b, providing that such compensation should be an
amount to be agreed upon by the governing body of such inde-
pendent school district and the commissioners' court of the
county in which such independent school district was situated
not to exceed one per cent of the taxes so collected. When
Article 1042b was amended in 1941 so as to omit independent
school districts from its provisions, such districts were left
with the power under Article 2792 to require tax assessors and
collectors to assess and collect their taxes, but no provision
has been made to compensate such tax assessors and collectors
for such services.

Article 3891 of V. A. C. S., as amended in 1935, reads
in part as follows:

"The compensation, limitations and maximums
herein fixed shall also apply to all fees and com-
pensation whatsoever collected by said officers in
their official capacity, whether accountable as fees
of office under the present law, and any law, general
or special, to the contrary is hereby expressly re-
pealed. The only kind and character of compensation
exempt from the provisions of this Act shall be re-
wards received by Sheriffs for apprehension of crim-
inals or fugitives from justice and for the recovery
of stolen property, and moneys received by County
Judges and Justices of the Peace for performing mar-
riage ceremonies, which sum shall not be accountable
for and not required to be reported as fees of office."

In the case of Taylor, et al. v. Brewster County, 144
S. W. (2d) 314, suit was brought and judgment recovered against
the tax collector of Brewster County and the surety on his bond
for excess official fees for which said tax collector had not
accounted, a large portion of which was fees or commissions re-
ceived by him for assessing and collecting school taxes for an
Independent School District under Article 2792 of V. A. C. S.
The Court affirmed said judgment and held such fees or commis-
sions official fees for which he was required to account to the

Hon. G. C. Jackson, Page 9

county under the fee bill. Accordingly, your question four (4) is answered in the affirmative.

We hand you herewith a copy of our opinion No. 0-5426 and direct your attention to the fact that it is held therein that "there now exists in Texas no statutory authority empowering an independent school district to have taxable property therein situate, which is assessed for taxes by the county tax collector and assessor, assessed at a value other than the value used in the assessment of taxes by that officer for county and state purposes." This holding would be applicable to the district you inquire about in the event it requires the county tax assessor and collector to assess and collect its taxes.

Our opinions Numbers 0-1821 and 0-3632 are hereby over-ruled insofar as they conflict herewith as to the compensation provided for a county tax assessor and collector for assessing and collecting the taxes of an independent school district.

Trusting that this satisfactorily answers your inquiry, we remain,

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Jas. W. Bassett*
Jas. W. Bassett
Assistant

JWB/JCP
ENCS. 3





APPROVE
OPINION
COMMITTEE
BY BW
CHAIRMAN